IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE HAND PROMOTIONS, INC.          :

                                      :

     v.                         :   Civil Action No. DKC 18-3501

                                      :

LUZ, LLC, et al.                :

                                      :

**MEMORANDUM OPINION**

Plaintiff Joe Hand Promotions, Inc. initiated this action alleging a violation of the Communications Act of 1934 on November 13, 2018, against Defendants Luz, LLC, Tele Mare's Restaurant, Inc., and Pedro A. Avalos.  The complaint alleges that Defendants made available to their patrons the Miguel Cotto v. Canelo Alvarez telecast on November 21, 2015, in violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable services) and 605 (unauthorized publication or use of communications).  (ECF No. 1).  The complaint recites that Plaintiff "was granted the exclusive right to license and distribute the Program to commercial establishments throughout the United States."  (*Id.* ¶ 8).  Plaintiff then entered into subsequent agreements with various commercial establishments that, in exchange for a fee, allowed them to exhibit the Program to their patrons."  (*Id.* ¶ 9).  Plaintiff further alleges that, "At no time did Plaintiff give Defendants license, permission or authority to

receive and exhibit the Program in their Establishment." *Id.* ¶ 10. "Defendants willfully intercepted or received the interstate communication of the Program . . ." (*Id.* ¶ 11) ". . . with the purpose and intent to secure a commercial advantage and private financial gain." *Id.* ¶ 13.

The claims against Defendants Luz, LLC and Pedro Avalos were voluntarily dismissed on January 2, 2019, and May 3, 2019, respectively. Service of process was effected on Defendant Tele Mare's Restaurant, Inc. on November 17, 2018. (ECF No. 5). When Tele Mare failed to respond within the requisite time period, Plaintiff moved for the entry of default. (ECF No. 6). The Clerk entered default for want of answer or other defense against Tele Mare on March 22, 2019. (ECF No. 12). Plaintiff filed the pending motion for default judgment on May 23, 2019. (ECF No. 22). To date, Tele Mare has taken no action in the case. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

## I. Standard of Review

Under Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left

to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."  *Lawbaugh*, 359 F.Supp.2d at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount.  "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages would exceed that amount."  *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to

3

determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (*citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## II. Analysis

Plaintiff seeks to enforce both "Sections 605 and 553 of 47 U.S.C., which are provisions of the Federal Cable Act that address different modalities of so-called 'cable theft.'" *J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F.Supp.2d 586, 588 (D.Md. 2012). Section 553 prohibits the unauthorized interception or receipt of certain cable communications, while Section 605 proscribes the unauthorized interception or receipt of certain "radio" communications, including at least "digital satellite television transmission." *Id.* at 588 n.3. In its complaint, Plaintiff does not specify how Defendant intercepted the program, but that omission is not fatal. "The complaint need not specify the precise method of interception, as pleading in the alternative is permitted." *Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC*, Civ. No. CCB-11-3272, 2012 WL 5879127, at *4 (D.Md. Nov. 19, 2012). Instead, Plaintiff need only allege, as it does here, that a business entity "intercepted and displayed the Program at its establishment, without authorization from [Plaintiff], on a particular date and at a particular time." *Id.* Taking those factual allegations as true, Plaintiff has established a violation of either § 553 or § 605.

In the complaint, Plaintiff seeks statutory damages of up to $110,000 related to the violation of § 605, or alternatively, for statutory damages of up to $60,000 for the violation of § 553, and unspecified compensatory damages for the alleged conversion. (ECF No. 1). In the motion for default judgment, Plaintiff seeks damages in the amounts of $5,000 under § 605(e)(3)(C)(i)(II), $15,000 under § 605(e)(3)(C)(ii), $1,940 in attorneys' fees, and $525 in costs. (ECF No. 22 at IV).

A. **Statutory Damages**

As this court has previously explained, "statutory damages should approximate the amount the Plaintiff is out-of-pocket due to the violation. . . . [T]he statutory damages award that 'the court considers just,' 47 U.S.C. § 605(e)(3)(C)(i)(II), is an approximation of the damages actually incurred by Plaintiff due to Defendant's violation." *J & J Sports Prods. v. Mumford*, No. DKC-10-2967, 2012 WL 6093897, at *3 (D.Md. Dec. 6, 2012).

In support of its claim for statutory damages in this case, Plaintiff attaches the affidavit of John Taylor, a private investigator who observed the Broadcast on one television inside the Tele Mare's Restaurant on November 22, 2015 at approximately 12:54 a.m. (ECF No. 22-3). The investigator paid no cover charge to enter the establishment and remained inside for approximately eight minutes. Mr. Taylor estimated that the establishment's capacity was approximately 50-75 people, and he counted 28 patrons

at the establishment. The rate chart indicates that if Defendant had purchased a license, it would have paid $2,200 to exhibit the match in an establishment with a 0-100 person capacity. (*See* ECF No. 22-6). Accordingly, Plaintiff will be awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of $2,200.

**B. Enhanced Damages**

Plaintiff also seeks enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), which authorizes "the court in its discretion . . . [to] increase the award of damages . . . by an amount of not more than $100,000 for each violation" of the provision. "In determining whether enhanced damages are warranted, other courts in this circuit have looked to several factors: 1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gain; 4) advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks." *J & J Sports Prods., Inc. v. Royster*, Civ. No. RWT-11-1597, 2014 WL 992779, at *4 (D.Md. Mar. 13, 2014) (quoting *Quattrocche*, 2010 WL 2302353, at *2)).

Here, the fact that Defendant intercepted and exhibited the Broadcast willfully and for direct or indirect commercial advantage cannot be doubted. "After all, '[s]ignals do not descramble spontaneously, nor do televisions sets connect themselves to cable distribution systems.'" *J & J Sports Prods., Inc. v. Castro Corp.*, Civ. No. 11-188, 2011 WL 5244440, at *4

(D.Md. Nov. 1, 2011) (alteration in original) (*quoting Time Warner Cable v. Googuies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999)). On the other hand, Defendant did not charge a cover fee, and there is no indication that Defendant engaged in such conduct before or after the incident or that it advertised the Broadcast.

"Where there are no allegations of repeat behavior or otherwise *egregious* willfulness warranting harsh punitive damages, courts in this Circuit have varied in awarding enhanced damages from no enhanced damages to up to five times the statutory damage amount." *Quattroche*, 2010 WL 2302353, at *3 (emphasis added). As noted in *J & J Sports Prod., Inc. v. Sabor Latino Rest., Inc.*, PJM 13-3515, 2014 WL 2964477, at *3 (D.Md. June 27, 2014), "some enhanced damages are proper to deter potential future unlawful uses of communications." Furthermore, Judge Messitte recognized that "Where . . . no admission fee was charged, Judges in this District have typically multiplied the statutory damages by a factor of three to determine enhanced damages." Accordingly, enhanced damages of $6,600 will be awarded. The total amount of damages will be $8,800.

## C. Attorneys' Fees

Plaintiff seeks $1,940 in attorneys' fees. In support of this request, Plaintiff submits an Affidavit for Attorney Fees that contains no breakdown indicating the amounts of time each

attorney or paralegal spent working on this matter to substantiate this request. (ECF No. 22-2). However, the sum requested is reasonable and consistent with similar requests. Accordingly, Plaintiff will be awarded $1,940 for attorneys' fees.

### D. Costs

Plaintiff also seeks $525.00 in costs. Again, Plaintiff provides no support of this request. However, the court notes that a $400 filing fee was paid when this action was initiated and that the Affidavits of Service in the court file reflect fees charged to Plaintiff of $150 (ECF No. 4 = $50, ECF No. 5 = $50, and ECF No. 11 = $50). The record supports the requested amount of $125.

## III. Conclusion

For the foregoing reasons, the motion for default judgment filed by Plaintiff will be granted in part and denied in part. Judgment will be entered for Plaintiff for statutory and enhanced damages in the amount of $8,800, plus attorneys' fees of $1,940 and costs of $525. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
